UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KERRIE J. WALKER-RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-00332-RLY-MJD |
| | ) | |
| TERRANCE DENSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Kerrie J. Walker-Riley, filed this action against Defendant, Terrance Denson, for damages arising from incidents that occurred when Plaintiff was incarcerated at the Indiana Women's Prison in Indianapolis, Indiana. Plaintiff alleges that Defendant, who was employed as a correctional officer at the prison, subjected her to non-consensual sexual advances. Among other allegations, Plaintiff avers that Defendant forced her to expose her buttocks and vagina, grabbed and squeezed her buttocks, licked her ear, and bruised her wrist. Plaintiff brings claims for assault, battery, intentional infliction of emotional distress, and a violation of the cruel and unusual punishment clause of the Eighth Amendment.

The record reflects that Defendant was properly served with the Complaint on July 9, 2014, but failed to plead or otherwise defend himself. The Clerk entered default on November 10, 2014, and Plaintiff subsequently moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The court held an evidentiary hearing to

determine the amount of damages owed to Plaintiff on March 23, 2016. At the hearing, the court orally granted Plaintiff's Motion for Default Judgment, and took the issue of damages under advisement.

Defendant appeared in person and *pro se* at the damages hearing. This represents the first time he has taken any action in this case. He did not respond to the Complaint, Plaintiff's Motion for Entry of Default, the Clerk's Entry of Default, or Plaintiff's Motion for Default Judgment. Yet, at the hearing, Defendant attempted to contest liability, arguing that Plaintiff's allegations in her Complaint were false. As the court explained then, the purpose of the hearing was only to determine the amount of damages Defendant owed to Plaintiff. When the Clerk entered default against Defendant in November 2014, his liability was established. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) ("The basic effect of an entry of default (step one) is that upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.") (internal citations, quotation marks, and brackets omitted). Therefore, the time for Defendant to dispute whether he committed any unlawful acts had long-since passed.

Importantly, Defendant did not request additional time to file an Answer or seek counsel at the hearing. Additionally, the court notes that nearly a month has passed since it held the damages hearing. Defendant has not filed any motions or had an attorney enter an appearance on his behalf. Therefore, the court now proceeds to the issue of damages.

At the hearing, Plaintiff, through counsel, requested a sum of $150,000 in damages, which was inclusive of attorney's fees and costs. Plaintiff did not present any

medical bills as evidence. Instead, she testified that Defendant's actions have caused her serious emotional distress and significantly impacted her life. She also testified that she wants to seek counseling, but is currently unable to afford it. According to her research, counseling sessions cost $120 per hour.

Plaintiff argued that $150,000 was consistent with the amount of damages awarded in cases with similar facts. Unfortunately, Plaintiff failed to provide the court with any support for that claim. *See Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014) ("[W]hile a default judgment conclusively establishes liability, the victor must still prove up damages."). The court has conducted extensive research of jury verdicts in federal district courts across the country for cases similar to this. As one might expect, the amounts awarded in those cases vary dramatically. The court finds one case particularly instructive though.

In *McLaughlin v. Allegheny Cty.*, the District Court for the Western District of Pennsylvania granted default judgment against a prison officer in the amount of $100,000. No. 2:05-cv-01037-DSC-LPL, 2006 WL 4459369 (W.D. Pa. Dec. 4, 2006). The plaintiff, a former inmate, alleged two incidents in her Complaint. First, in August 2002, the inmate had sexual intercourse with the officer because she felt that she had no choice. Second, in November 2003, the officer forced the inmate to expose her breasts. He then "put his hands down her pants." *Id.* The inmate argued that, as a result of these incidents, she would suffer from severe emotional problems for the rest of her life.

While *McLaughlin* does not squarely align with the instant case, it is factually similar. In both *McLaughlin* and the instant case, a former inmate alleged that she was

sexually assaulted by a correctional officer while incarcerated.  The specific acts of the defendant officers are different though.  The court finds that it is necessary to award an amount less than the *McLaughlin* court because the acts alleged by the plaintiff therein are more egregious than what Plaintiff alleges here.  *McLaughlin* and other cases reinforce the conclusion that Plaintiff's request of $150,000 is too high.  *See Chao v. Ballista*, No. 1:07-cv-10934-NG, 2011 WL 10582271 (D. Mass. Apr. 6, 2011) (jury awarded an inmate $73,700, consisting of $67,500 in compensatory damages and $6,200 in punitive damages, after the defendant correctional officer coerced the inmate into having intercourse and allegedly admitted to receiving oral sex from the inmate "on dozens of occasions"); *Carr v. Hazelwood*, No. 7:07-cv-00001-JLK-MFU, 2008 WL 7764604 (W.D. Va. Nov. 2008) (inmate alleged that "she suffered abdominal trauma, internal bleeding, and emotional distress after she was sexually abused" by a prison guard, and the jury awarded her $10,000 in compensatory damages).

In light of the discussion above, the court finds that an award of $25,000, consisting of $20,000 in compensatory damages and $5,000 in punitive damages, is reasonable and appropriate.  Therefore, Defendant, Terrance Denson, is **ORDERED** to remit $25,000 to Plaintiff, Kerrie J. Walker-Riley.  This sum is inclusive of attorney's fees and costs.  Interest shall incur on the judgment pursuant to 28 U.S.C. § 1961.

**SO ORDERED** this 26th day of April 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

4

Distributed Electronically to Registered Counsel of Record.

Distributed via U.S. Mail:

Terrance Denson
317 Gimber Ct.
Indianapolis, IN 46225